[644 NYS2d 629]

In the Matter of CRAIG A. McGANNON, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 17, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By opinion and order of this Court, dated February 14, 1996, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 *(l)* (1) (i), based on a finding that he

was guilty of professional misconduct immediately threatening the public interest in that he failed to comply with the lawful demands of the Grievance Committee. In that same order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable Robert T. Groh, as Special Referee, to hear and report. The respondent was personally served with the order to show cause seeking his suspension, along with the petition, and with the decision and order of suspension on December 5, 1995 and March 15, 1996, respectively. The charges contained in the petition included using a stolen ATM card to illegally withdraw money from the bank account of another person, failing to comply with the terms and conditions of the sentence imposed upon him pursuant to his plea of guilty to a charge of disorderly conduct, failure to comply with the lawful demands of the Grievance Committee, failure to comply with subpoenas so ordered by this Court, and failure to comply with attorney registration requirements. The respondent has failed to answer the petition or to communicate in any way with the Grievance Committee or this Court.

The petitioner moves to impose discipline upon the respondent based upon his default and has personally served the respondent with notice of its default motion on April 10, 1996. The respondent has submitted no written response to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FLORIO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Craig A. McGannon, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Craig A. McGannon, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.